UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X

DORMOUTH CARLTON                          11 CIV 3056 (DAB) (JCF)

    -against-                         AMENDED COMPLAINT
                                          CIVIL RIGHTS ACT
SHAWN D, MORRIS                           42 U.S.C. §1983
NATASHA A TREMBATH,                       (RULE 15 FRCP)
ROBERT SNEDEKER, AND
ERIC J. BOOLRICE,                         USDC SDNY
GREENHAVEN CORRECTIONAL FAC-              DOCUMENT
ILITY EMPLOYEES,                          ELECTRONICALLY FILED
                                          DOC #: _____
        Defendants.                   DATE FILED: 11/29/11
--------------------------------------X

    Plaintiff, DORMOUTH CARLTON, appearing herein pro-se, submits the AMENDED COMPLAINT for a Jury Trial Demand under the provisions of Title 42 U.S.C. §1983 and Rule 15 of the Federal Rules of Civil Procedure, and states as follows;

    Parties to this Complaint are:

Plaintiff Dormouth Carlton, 09a-0216, who is currently incarcerated at Green Haven Correctional Facility, located in Stormville, NY and is an entity of the Departrment of Correctional Services for the State of New York;

    Defendants Shawn D. Morris, Natasha A. Trembath, Snedeker and Eric J. Boolrice are employed as Corrections Officers at Green Haven Correctional Facility and were so employed on the date and time of the incident herein complained of and are currently employed by the Department of Correctional Services in their capacity of Corrections Officers.

## II. STATEMENT OF CLAIM

On December 13, 2010 at Approximatelt 9:45 P.M., Plaintiff was released from his cell in "H" housing unit, for the purpose of obtaining medication. Upon exiting the "H" Block housing unit Plaintiff, without provocation or reason, Plaintiff was assaulted and verbally abused by the Defendants and was thereafter denied Medicial attention, in violation of his Constitutional Right to be free from unlawful search and seizure and to be free from cruel and unusual punishment.

Plaintiff brings forth this complaint against the Officers that were responsible and involved in this assault, and seeks damages for the violation of his civil and constitutional rights as well as for the pain and suffering inflicted upon him.

## JURISDICTION:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 & 1343 (A)(3) and Title 42 U.S.C §1983.

Venue is properly had in this District pursuant to Title 28 U.S.C.§1391 since the cause of action arose in Dutchess County NY which is encompassed in the Southern District.

Defendant C.O. Morris, Trembath, Snedeker and Boolrice, were at all times during the course of the assault, were acting under color of law and is therefore being sued in what capacity is allowable under the circumstances set forth within this Amended Petition.

2

## STATEMENT OF FACTS

On December 13, 2010, at approximately 9:00 PM, Plaintiff was in his cell located in "H" block cell 4-143 when his cell was opened by Corrections Officer Clark. Plaintiff was informed that Defendant Morris was here to escort him to Medical. Plaintiff walked to the front of the "block" where Defendant Morris was present, and was informed that Plaintiff would have to be searched, a procedure that was not previously employed.

Upon complying with the order to be searched, Plaintiff placed his hands on the wall. Plaintiff, upon placing his hands on the wall, was immediately punched in his face, while a set of hands secured Plaintiff's hands to the wall. Plaintiff was then slapped, punched and kicked, while being verbally abused and spit on. Defendant Trembath, situated herself on the left side of the Plaintiff and proceeded to kick and punch Plaintiff in his back, side and legs and thereafter spit in Plaintiff's face. Plaintiff was then slammed into the wall and held there.

After a short interval, Defendant Boolrice appeared at the side of Defendant Morris and began punching and kicking Plaintiff without any provocation from Plaintiff, rending Plaintiff so weak that the defendants had to hold Plaintiff against the wall, while continuing to verbally abuse Plaintiff.

At this point, Defendant Snedeker struck Plaintiff in the head, utilizing the force of his nightstick while "kneeing" Plaintiff in the back and groin area.

At no time during this encounter did Plaintiff put up any resistence. Plaintiff estimated that this assault took between twenty and thirty minutes.

At this point, Defendant Morris twisted Plaintiff's hands behind his back and pushed him in the direction of "H" block and informed Plaintiff that he had better not go to the hospital. Plaintiff was further informed that if he did so that he would be killed, that the defendants would "get away with it" and "That's what we do."

Defendant proceeded to knock on the door to "H" block. Upon C.O. Clark opening the door, and in the presence of the other defendants, Defendant Morris told C.O. Clark that Plaintiff has "refused" his medication. Without further inquiry, C.O. Clark told Plaintiff to "Take it to your cell." Plaintiff then informed C.O. Clark that he needed to go to the emergency room. C.O. Clark's only response was that the Plaintiff should take it to his cell (return to his cell).

The following day, December 14, 2010, Sgt. Kevin O'Connor the Block Sergeant, was making his rounds when Plaintiff informed him and explained what had happened to him and stated that he needed to go to the Hospital Emergency Room. Plaintiff was in pain and could not walk. As a results of his injuries the hospital sent an inmate aide and nurse to Plaintiff's cell and was placed in a wheelchair. Plaintiff was then transported to the hospital where he received an examination by the nurse. Although photos were taken of his injuries, Sgt. O'Connor informed the nurse that she should place on Plaintiff's medical chart that he was assaulted by four officers with no injuries.

4

Plaintiff was then seen by a Doctor who immediately admitted the Plaintiff to the hospital ward, where he remained for three days. A a results of the assault Plaintiff has had increasing pain in his back, hip and head, has had to undergo physical therapy, has had to be seen by specialist, has had to take various medications and is required to use a cane and a lumbar brace for his back. Plaintiff has limited mobility and suffers from psychological and well as the aftermath of physical trauma.

### DAMAGES

Plaintiff is requesting compensatory as well as punitive damages against all parties herein named and request a trial by jury.

Plaintiff request that an injunction be issued forclosing Defendants, their representatives, agents and all other employees at Green Haven Correctional Facility, to include the Superintendent, forbidding such persons or persons acting in their behalf, from assaulting Plaintiff and others currently incarcerated at said Greenhaven Correctional Facility, and request that the Court issue a Mandate directing the department of Justice to investigate Plaintiff's claim of abuse and similar claims made by other inmates not herein named.

Plaintiff seeks damages exceeding the amount of $3 million dollars from each Defendant herein named and further request that he be granted any and other relief as justice so requires.

Dated: 11/23/2011                                   Respectfully

                                                    Dormouth Carlton
                                                    Pro-Se
                                                    *Dormouth Carlton*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X

DORMOUTH CARLTON                11 CIV 3056 (DAB) (JCF)

      -against-                 AMENDED COMPLAINT
                                       CIVIL RIGHTS ACT
SHAWN D. MORRIS                  42 U.S.C. §1983
NATASHA A TREMBATH,           (RULE 15 FRCP)
ROBERT SNEDEKER, AND
ERIC J. BOOLRICE,
GREENHAVEN CORRECTIONAL FAC-
ILITY EMPLOYEES,

         Defendants.
---------------------------------------X

    Plaintiff, DORMOUTH CARLTON, appearing herein pro-se, submits the AMENDED COMPLAINT for a Jury Trial Demand under the provisions of Title 42 U.S.C.§1983 and Rule 15 of the Federal Rules of Civil Procedure, and states as follows;

    Parties to this Complaint are:

Plaintiff Dormouth Carlton, 09a-0216, who is currently incarcerated at Green Haven Correctional Facility, located in Stormville, NY and is an entity of the Departrment of Correctional Services for the State of New York;

    Defendants Shawn D. Morris, Natasha A. Trembath, Snedeker and Eric J. Boolrice are employed as Corrections Officers at Green Haven Correctional Facility and were so employed on the date and time of the incident herein complained of and are currently employed by the Department of Correctional Services in their capacity of Corrections Officers.

## II. STATEMENT OF CLAIM

On December 13, 2010 at Approximatelt 9:45 P.M., Plaintiff was released from his cell in "H" housing unit, for the purpose of obtaining medication. Upon exiting the "H" Block housing unit Plaintiff, without provocation or reason, Plaintiff was assaulted and verbally abused by the Defendants and was thereafter denied Medicial attention, in violation of his Constitutional Right to be free from unlawful search and seizure and to be free from cruel and unusual punishment.

Plaintiff brings forth this complaint against the Officers that were responsible and involved in this assault, and seeks damages for the violation of his civil and constitutional rights as well as for the pain and suffering inflicted upon him.

## JURISDICTION:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 & 1343 (A)(3) and Title 42 U.S.C §1983.

Venue is properly had in this District pursuant to Title 28 U.S.C.§1391 since the cause of action arose in Dutchess County NY which is encompassed in the Southern District.

Defendant C.O. Morris, Trembath, Snedeker and Boolrice, were at all times during the course of the assault, were acting under color of law and is therefore being sued in what capacity is allowable under the circumstances set forth within this Amended Petition.

## STATEMENT OF FACTS

On December 13, 2010, at approximately 9:00 PM, Plaintiff was in his cell located in "H" block cell 4-143 when his cell was opened by Corrections Officer Clark. Plaintiff was informed that Defendant Morris was here to escort him to Medical. Plaintiff walked to the front of the "block" where Defendant Morris was present, and was informed that Plaintiff would have to be searched, a procedure that was not previously employed.

Upon complying with the order to be searched, Plaintiff placed his hands on the wall. Plaintiff, upon placing his hands on the wall, was immediately punched in his face, while a set of hands secured Plaintiff's hands to the wall. Plaintiff was then slapped, punched and kicked, while being verbally abused and spit on. Defendant Trembath, situated herself on the left side of the Plaintiff and proceeded to kick and punch Plaintiff in his back, side and legs and thereafter spit in Plaintiff's face. Plaintiff was then slammed into the wall and held there.

After a short interval, Defendant Boolrice appeared at the side of Defendant Morris and began punching and kicking Plaintiff without any provocation from Plaintiff, rending Plaintiff so weak that the defendants had to hold Plaintiff against the wall, while continuing to verbally abuse Plaintiff.

At this point, Defendant Snedeker struck Plaintiff in the head, utilizing the force of his nightstick while "kneeing" Plaintiff in the back and groin area.

At no time during this encounter did Plaintiff put up any resistance. Plaintiff estimated that this assault took between twenty and thirty minutes.

3

At this point, Defendant Morris twisted Plaintiff's hands behind his back and pushed him in the direction of "H" block and informed Plaintiff that he had better not go to the hospital. Plaintiff was further informed that if he did so that he would be killed, that the defendants would "get away with it" and "That's what we do."

Defendant proceeded to knock on the door to "H" block. Upon C.O. Clark opening the door, and in the presence of the other defendants, Defendant Morris told C.O. Clark that Plaintiff has "refused" his medication. Without further inquiry, C.O. Clark told Plaintiff to "Take it to your cell." Plaintiff then informed C.O. Clark that he needed to go to the emergency room. C.O. Clark's only response was that the Plaintiff should take it to his cell (return to his cell).

The following day, December 14, 2010, Sgt. Kevin O'Connor the Block Sergeant, was making his rounds when Plaintiff informed him and explained what had happened to him and stated that he needed to go to the Hospital Emergency Room. Plaintiff was in pain and could not walk. As a results of his injuries the hospital sent an inmate aide and nurse to Plaintiff's cell and was placed in a wheelchair. Plaintiff was then transported to the hospital where he received an examination by the nurse. Although photos were taken of his injuries, Sgt. O'Connor informed the nurse that she should place on Plaintiff's medical chart that he was assaulted by four officers with no injuries.

4

Plaintiff was then seen by a Doctor who immediately admitted the Plaintiff to the hospital ward, where he remained for three days. A a results of the assault Plaintiff has had increasing pain in his back, hip and head, has had to undergo physical therapy, has had to be seen by specialist, has had to take various medications and is required to use a cane and a lumbar brace for his back. Plaintiff has limited mobility and suffers from psychological and well as the aftermath of physical trauma.

## DAMAGES

Plaintiff is requesting compensatory as well as punitive damages against all parties herein named and request a trial by jury.

Plaintiff request that an injunction be issued forclosing Defendants, their representatives, agents and all other employees at Green Haven Correctional Facility, to include the Superintendent, forbidding such persons or persons acting in their behalf, from assaulting Plaintiff and others currently incarcerated at said Greenhaven Correctional Facility, and request that the Court issue a Mandate directing the department of Justice to investigate Plaintiff's claim of abuse and similar claims made by other inmates not herein named.

Plaintiff seeks damages exceeding the amount of $3 million dollars from each Defendant herein named and further request that he be granted any and other relief as justice so requires.

Dated: 11/23/2011                                          Respectfully

                                                          Dormouth Carlton
                                                          Pro-Se
                                                          *Dormouth Carlton*

UNITED STATES DISTRICT COURT  
DISTRICT OF NEW YORK

11 CIV 3056 (DAB)  
(JCF)

AMENDED COMPLAINT  
CIVIL RIGHTS SCT  
42 U.S.C.§1983  
(RULE 15 FRCP)

Petitioner,

DORMOUTH CARLTON  
- against -

SHAWN D, MORRIS NATASHA A TREMBATH,  
ROBERT SNEDEKER, AND ERIC J. BOOLRICE,  
GREEN HAVEN CORRECTIONAL FACILITY  
EMPLOYEES,

AFFIRMATION OF SERVICE

Respondent.

I, dormouth carlton, declare under the penalty of perjury that I have served a copy of the amended complaint upon the below named party:

I declare under the penalty of perjury that the above statements are true and correct.

Respectfully submitted,  
Dormouth carlton

Dated: 11/21/2011  
Stormville, New York

SWORN TO ME THIS 21st DAY OF November 2011  
_Keith Sposato_  
NOTARY PUBLIC

**KEITH J. SPOSATO**  
NOTARY PUBLIC-STATE OF NEW YORK  
No. 01SP6248188  
Qualified in Putnam County  
My Commission Expires September 19, 2015

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
DORMOUTH CARLTON
              PLAINTIFF           11 civ. 3056(DAB)

-AGAINST-

STATE OF NEW YORK, et al,
              DEFENDANTS
---------------------------------X

CARLTON D. WITT, BEING DULY SWORN, SAYS:

  I am the claimant above named; the attorney general for the state of new york did not provide the john doe defendants names to the plaintiff, at this time plaintiff has provided this information on his own and ameneded the complaint and amended complaint is on file ; the name is true to my own knowledge, EXCEPT AS TO THE MATTERS THEREIN STATED TO BE ALLEGED ON INFORMATION AND BELIEF, AND TO THOSE MATTERS I BELIEVE IT TO BE TRUE.

                                                  _Dormouth carlton_ CLAIMANT

DATED 11/23/2011